So that it would appear in any event that the services of a manager of the estate were not required as to such property. And on cross-examination the plaintiff testifies that every service he rendered, except the sale of the lots, was under another contract, described as that of May 15th, for which he had been paid in full. I think that no legal consideration appears whereby the plaintiff, as manager and agent for the sale of the said property, can enforce the promise to pay him a 2½ per cent. commission upon the third sale. Hamlin v. Wheelock, 42 Hun, 530, appeal dismissed 117 N. Y. 656, 22 N. E. 1133. I think that this is not a case for an extra allowance, in view of Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 407, 70 N. E. 925.

I advise that the judgment be modified by deducting therefrom $24.75, representing the 2½ per cent. commission, and also by striking out any extra allowance; and, as thus modified, it be affirmed, without costs of this appeal to either party.

Judgment and order of the County Court of Westchester county modified in accordance with the opinion of JENKS, J., and, as modified, affirmed, without costs of this appeal to either party. All concur.

---

### LENNOX v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. DAMAGES—PERSONAL INJURIES—INABILITY TO BEAR CHILDREN.
     A plaintiff cannot recover for pecuniary damages suffered by reason of inability to bear children as a result of injuries.

2. TRIAL—EVIDENCE.
     A party cannot complain of evidence received without objection.

3. SAME—TRIAL—EVIDENCE—FAILURE TO OBJECT—INSTRUCTIONS.
     Though in an action for injuries defendant did not object to evidence as to certain injuries to plaintiff, he could object to an instruction erroneously permitting the jury to give compensation for such injuries.

Appeal from Trial Term, Kings County.

Action by Kirstine M. Lennox against the Interurban Street Railway Company. From a judgment in favor of plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Bayard H. Ames (F. Angelo Gaynor, on the brief), for appellant. James C. Cropsey, for respondent.

MILLER, J. The plaintiff has recovered a judgment for injuries sustained while a passenger of the defendant by being thrown to the floor of one of its cars by the sudden starting of the car, which she claims resulted in a miscarriage, and produced a condition making it impossible for her to bear children. The court charged the jury: "And likewise, with regard to the wife, as to the inability to bear a child, that is made an element of damages here by the pleadings, and it has been testified to, and you will take that into

consideration, and determine what sum will compensate her because of such inability." Further on the court said: "Whatever damages you may award in that regard must be money damages, no sentiment." The defendant's counsel specifically excepted to the court's permitting the jury to consider inability to bear children as an element of damage, and also excepted to the charge as limited to money damages, as follows: "I also except to what your honor says with regard to the rule of damages being the pecuniary loss for the inability, if there be any, to bear children. The Court: Well, would not a parent have the right to the earnings of a child during minority?" The question of the learned court quoted suggests the theory upon which the court permitted the jury to speculate as to the pecuniary damages suffered for the loss of children unborn and unconceived. It is clear that such damages are too remote and speculative to constitute an element proper to be submitted to a jury. Butler v. M. R. Co., 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738. The respondent undertakes to sustain the judgment upon the theory that the defendant, having permitted the evidence as to inability to bear children to be received without objection, is precluded from insisting that it should not have been submitted to the jury as an element of damages. Undoubtedly a party cannot complain because of the admission of evidence received without objection, but that does not preclude him from insisting that the jury shall not be given an erroneous rule by which to measure damages; this even assuming that the evidence was not relevant to any issue as to the plaintiff's injury, which we do not now decide.

The judgment and order appealed from must be reversed, and a new trial granted; costs to abide the event. All concur.